IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CORLENE WHITE, | ) |
| | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
| | ) |
| v. | ) For Violations of the Fair Labor |
| | ) Standards Act of 1938, As Amended |
| THE ESTATE OF KATHERINE D. MARBUT, | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, Corlene White ("Plaintiff" or "White"), by and through her undersigned counsel, files this Complaint against The Estate of Katherine D. Marbut for unpaid overtime compensation pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended ("the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from the late Katherine Marbut's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the overtime provisions of the Act by Ms. Marbut which has deprived the named Plaintiff of her lawful wages.

2. This action is brought to recover unpaid overtime compensation owed to the Plaintiff pursuant to the FLSA. The Plaintiff was employed by Katherine Marbut as a Certified Nursing Assistant and household manager in Atlanta, Georgia.

3. During the applicable statute of limitations prior to the filing of this Complaint (three years), Ms. Marbut committed violations of the FLSA by failing to compensate Plaintiff at an overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks unpaid compensation for work performed, an equal amount of liquidated damages to compensate him for the delay in payment of money due which Defendant instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because all of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant conducted her business with Plaintiff within this District.

## III.  PARTIES

7. Plaintiff Corlene White resides in Covington, Georgia.  Calloway was employed by the Defendant as a Certified Nursing Assistant and household manager.  She worked for Defendant within this District.  Plaintiff worked solely within the State of Georgia.  Plaintiff's duties typically included caring for Ms. Marbut and performing all types of assistance related to Ms. Marbut's health and household.

8. At all times material to this action, the named Plaintiff was an "employee" of Ms. Marbut as defined by the FLSA, and worked for Ms. Marbut within the territory of the United States within ten years preceding the filing of this lawsuit.  This same individual is further covered by § 206 and § 207 of the FLSA for the period in which she was employed by Ms. Marbut.

9. Plaintiff performed work for Katherine D. Marbut in Atlanta, Georgia at Ms. Marbut's residence, located at 216 West Paces Ferry Road.

10. The Estate of Katherine D. Marbut is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its Executor, Laurin M. McSwain, Lefkoff, Duncan, Grimes, McSwain, Hass & Hanley, PC, 3715 Northside Parkway, Northcreek Building 300, Suite 600, Atlanta, Georgia  30327.

11. Plaintiff utilized materials and goods during her employment that were handled and/or used on a constant and/or continual basis there were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to Plaintiff's use of same, such as credit cards, automobiles, gasoline, pharmaceuticals, over-the-counter medicines, and medical equipment.

12. At all times material to this action, Ms. Marbut was and employer of the named Plaintiff, as defined by the FLSA and interpreting case law and Congressional findings.

13. The overtime provisions set forth in § 207 of the FLSA applied to Defendant.

**COUNT 1- Violations of the minimum wage provisions of the FLSA**

14. Ms. Marbut employed Plaintiff as a domestic health care specialist in Atlanta, Georgia

15. Plaintiff was employed by Ms. Marbut from August 8, 2018 until Ms. Marbut passing on August 6, 2020.

16. During each week of Plaintiff's employment with Ms. Marbut applicable to this action, Plaintiff worked in excess of 40 hours per week, but was not compensated at a time-and-a-half rate for any hours worked in excess of 40 during a particular workweek.  Plaintiff worked, on average, 120 hours per week for Ms. Marbut.

17. Plaintiff did not receive any compensation for hours worked in excess of forty during the following weeks applicable to this action: 5/20/19, 5/27/19, 6/3/19, 6/10/19, 6/17/19, 6/24/19, 7/1/19, 7/8/19, 7/15/19, 7/22/19, 7/29/19, 8/5/19, 8/12/19, 8/19/19, 8/26/19, 9/2/19, 9/9/19, 9/16/19, 9/23/19, 9/30/19, 10/7/19, 10/14/19, 10/21/19, 10/28/19, 11/4/19, 11/11/19, 11/18/19, 11/25/19, 12/2/19, 12/9/19, 12/16/19, 12/23/19, 12/30/19, 1/6/20, 1/13/20, 1/20/20, 1/27/20, 2/3/20, 2/10/20, 2/17/20, 2/24/20, 3/2/20, 3/9/20, 3/16/20, 3/23/20, 3/30/20, 4/6/20, 4/13/20, 4/20/20, 4/27/20, 5/4/20, 5/11/20, 5/18/20, 5/25/20, 6/1/20, 6/8/20, 6/15/20, 6/22/20, 6/29/20, 7/6/20, 7/16/20, 7/27/20, 8/6/20, and 8/10/20.

18. Plaintiff seeks unpaid overtime compensation for at least 80 hours per week at half her normal hourly rate of twenty dollars ($20.00) per hour. Specifically, Plaintiff seeks no less than fifty-one thousand two hundred dollars and zero cents ($51,200.00)[1] in unpaid overtime compensation. Plaintiff seeks liquidated damages equal to that amount, for a total minimum claim of unpaid overtime wages of one hundred two thousand four hundred dollars ($102,400.00), plus attorney's fees and costs.

**COUNT 2- Breach of Contract**

---

[1] 80 [overtime hours per week] X $20.00 [per hour] X 0.5 [unpaid overtime rate] X 64 [weeks]

19. Plaintiff was entitled to two weeks paid vacation, three personal days, and three sick days, none of which she took during the last year of her employment. Accordingly, Plaintiff is entitled to 20 days' worth of compensation at her regular rate of $20 per hour (assuming Plaintiff was entitled to compensation at the rate of 8 hours per day), for a total of three thousand two hundred dollars and zero cents ($3,200.00).

## V. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, pursuant to the FLSA and Georgia contract law, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid overtime compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of overtime compensation;

B. That Plaintiff be awarded prejudgment interest;

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 21st day of May, 2022.

>*/s/ Tyler B. Kaspers*
>Tyler B. Kaspers, Ga. Bar No. 445708
>THE KASPERS FIRM, LLC
>152 New Street, Suite 109B
>Macon, GA  31201
>404-944-3128
>tyler@kaspersfirm.com
>
>Counsel for Plaintiff

## CERTIFICATION OF COMPLIANCE

The undersigned hereby certifies that the foregoing document has been prepared in 14-point Times New Roman font in compliance with Local Rule 5.1(b).

>*/s/ Tyler B. Kaspers*
>Tyler B. Kaspers
>THE KASPERS FIRM, LLC
>152 New Street, Suite 109B
>Macon, GA 31201